

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

*970 Broad Street, Suite 700*　　　　　*(973) 645-2700*
*Newark, New Jersey 07102*

SFM/PL AGR
2013R01310

May 5, 2015

Eric M. Mark, Esq.
201 Washington Street
Newark, New Jersey 07102

### Re: Plea Agreement with Aaron Vega-Castelo 15-55(MCA)

Dear Mr. Mark:

This letter sets forth the plea agreement between your client, Aaron Vega-Castelo, and the United States Attorney for the District of New Jersey ("this Office"). The government's offer to enter into this plea agreement will expire on May 18, 2015 if it is not accepted in writing by that date.

### Charge

Conditioned on the understandings specified below, this Office will accept a guilty plea from Aaron Vega-Castelo to the one-count Indictment, Criminal No. 15-55, which charges that Aaron Vega-Castelo distributed and possessed with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and (B)(1)(A) and 18 U.S.C. § 2. If Aaron Vega-Castelo enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Aaron Vega-Castelo for distribution and possession of methamphetamine on December 11, 2013. However, in the event that a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Aaron Vega-Castelo agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Aaron Vega-Castelo may be commenced against him, notwithstanding the expiration of the limitations period after Aaron Vega-Castelo signs the agreement.

Sentencing

The violation of 21 U.S.C. § 841(a)(1) to which Aaron Vega-Castelo agrees to plead guilty carries a statutory mandatory minimum sentence of 10 years, a statutory maximum prison sentence of life, and a statutory maximum fine equal to the greatest of: (1) $10,000,000, or (2) twice the gross profits or other proceeds to Aaron Vega-Castelo. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Aaron Vega-Castelo is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Aaron Vega-Castelo ultimately will receive.

Further, in addition to imposing any other penalty on Aaron Vega-Castelo, the sentencing judge: (1) will order Aaron Vega-Castelo to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) may order Aaron Vega-Castelo to pay restitution pursuant to 18 U.S.C. § 3663 et seq.; (3) must order forfeiture pursuant to 21 U.S.C. § 853; (4) may deny Aaron Vega-Castelo certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and (5) pursuant to 21 U.S.C. § 841, must require Aaron Vega-Castelo to serve a term of supervised release of at least 5 years, which will begin at the expiration of any term of imprisonment imposed. Should Aaron Vega-Castelo be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Aaron Vega-Castelo may be sentenced to not more than 5 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Aaron Vega-Castelo by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this

Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Aaron Vega-Castelo's activities and relevant conduct with respect to this case.

### Stipulations

This Office and Aaron Vega-Castelo agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Aaron Vega-Castelo from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Aaron Vega-Castelo waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

### Forfeiture

Aaron Vega-Castelo agrees that as part of his acceptance of responsibility and pursuant to 21 U.S.C. § 853, he will forfeit to the United States his interests, if any, in the property described below (the "Forfeitable Property").

Aaron Vega-Castelo will forfeit to the United States the following items that have previously been seized: the approximately $110,000 in United States currency and the 2005 Jeep Cherokee, Pennsylvania registration number JLD7200, VIN 1J4HS58N15C619023, which were seized on December 11, 2013.

Aaron Vega-Castelo acknowledges that the Forfeitable Property is subject to forfeiture as property constituting, or derived from, proceeds obtained, directly or indirectly, as the result of a violation of 21 U.S.C. § 841 and any of the person's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, a violation of 21 U.S.C. § 841.

Aaron Vega-Castelo agrees to waive all interest in the Forfeitable Property in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. Aaron Vega-Castelo agrees to consent to the entry of orders of forfeiture for the Forfeitable Property and waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Aaron Vega-Castelo understands that the forfeiture of the Forfeitable Property is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. Furthermore, Aaron Vega-Castelo waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

Immigration Consequences

Aaron Vega-Castelo understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Aaron Vega-Castelo understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Aaron Vega-Castelo wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Aaron Vega-Castelo understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Aaron Vega-Castelo waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Aaron Vega-Castelo. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against Aaron Vega-Castelo.

No provision of this agreement shall preclude Aaron Vega-Castelo from pursuing in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Aaron Vega-Castelo received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Aaron Vega-Castelo and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PAUL J. FISHMAN
United States Attorney

By: SARA F. MERIN
Assistant U.S. Attorney

APPROVED:

RONNELL WILSON
Chief, OCDETF/Narcotics

- 5 -

I have received this letter from my attorney, Eric M. Mark, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

_____  Date: 5/10/15
Aaron Vega-Castelo

I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations, waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

_____  Date: 5/10/15
Eric M. Mark, Esq.

## Plea Agreement With Aaron Vega-Castelo

### Schedule A

1. This Office and Aaron Vega-Castelo agree to stipulate to the following facts:

    a. On or about December 11, 2013, Aaron Vega-Castelo had in his possession a mixture or substance containing a detectable amount of methamphetamine hydrochloride that had a net weight of 1.788 kilograms and substance purity of 95.1 percent, resulting in 1.7 kilograms of pure methamphetamine hydrochloride.

2. If the sentencing court accepts a factual stipulation set forth above, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so. Otherwise, both parties reserve the right to file, oppose, or take any position in any appeal, collateral attack, or proceeding involving post-sentencing motions or writs.